UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| JOSHUA FURIA,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILARLY SITUATED,<br><br>      Plaintiff,<br>   v<br><br>INDEPENDENT RECOVERY RESOURCES, INC.,<br><br>      Defendant. | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Joshua Furia [hereinafter "Furia"], on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Independent Recovery Resources, Inc. [hereinafter "IRR"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on IRR' regular transaction of business within this district. Venue in this district also is proper based on IRR possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. IRR also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Furia is a natural person who resides at 18 Forrestall Drive, Mastic, NY 11950.

6. Furia is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about October 31, 2017, IRR sent Furia the letter annexed as Exhibit A. Furia received and read Exhibit A. For the reasons set forth below, Furia's receipt and reading of Exhibit A deprived Furia of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, IRR sent Exhibit A to Furia in an attempt to collect a past due debt.

9. Based upon Exhibit A referencing "Peconic Bay Medical Center" and setting forth a "service Date", and upon IRR, via Exhibit A, having attempted to collect this past due debt from Torre in his individual capacity, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. IRR is a New York Corporation located at 24 Railroad Avenue, Patchogue, NY 11772.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.

12. IRR possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

13. Based upon Exhibit A and upon IRR possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal

purpose of IRR is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. On Exhibit A, IRR. identifies itself as a "debt collector" attempting to collect an alleged debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

15. Based upon the allegations in the above three paragraphs, IRR is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

16. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15 of this Complaint.

17. Exhibit A does not identify in any manner or does not clearly, effectively, or properly identify the "creditor" and/or the entity to whom the alleged debt allegedly is owed or on whose behalf IRR was attempting to collect the alleged debt.

18. Based on the above, Defendant violated 15 USC § 1692g(a)(2), 15 USC § 1692e, and 15 USC § 1692e(10) as a result of sending Exhibit A to Furia.

## SECOND CAUSE OF ACTION-CLASS CLAIM

19. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15 of this Complaint.

20. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## THIRD CAUSE OF ACTION-CLASS CLAIM

21. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15 of this Complaint.

22. Defendants violated of 15 USC 1692g as a result of IRR sending Exhibit A to Furia.

## CLASS ALLEGATIONS

23. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

24. The class consist of (a) all natural persons (b) who received a letter from IRR dated between October 31, 2017 and the present to collect a past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A

25. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

26. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

27. The predominant common question is whether Defendant's letters violate the FDCPA.

28. Plaintiff will fairly and adequately represent the interests of the class members.

29. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

30. A class action is the superior means of adjudicating this dispute.

31. Individual cases are not economically feasible.

   **WHEREFORE**, Plaintiff requests the following relief:

   1. A Judgment against Defendant in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

      2. Any and all other relief deemed just and warranted by this court.

Dated:          October 31, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107