UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOSHUA FURIA, on behalf of himself and all others
similarly situated,

                Plaintiff                              **REPORT AND**
                                                         **RECOMMENDATION**
      -against-                                 18-CV-6102 (SJF) (ARL)

INDEPENDENT RECOVERY RESOURCES, INC.,

                Defendant.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Before the Court, on referral from District Judge Feuerstein, is the motion of the defendant, Independent Recovery Resources, Inc. ("IRR"), for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). For the reasons set forth below, the undersigned respectfully reports and recommends that IRR's motion be granted.

## BACKGROUND

### A. Factual Averments

The following facts are drawn from the complaint. The plaintiff, Joshua Furia ("Furia"), is a resident of Mastic, N.Y. Compl. ¶ 5. The defendant, IRR, is a debt collection agency located in Patchogue, New York. *Id.* ¶¶ 10, 12. On or about October 31, 2017, Furia received a letter from IRR that stated:

> We have been authorized to contact you regarding the outstanding balance of $1179.96. Our client(s) has made several attempts to gain your cooperation prior to today. Our records indicated that many courtesies have been extended to you and yet these balances remain open.
>
> | Regarding: | Service Date: | Amount: | Reference #: |
> | --- | --- | --- | --- |
> | [Peconic Bay Medical] | 05/03/17 | 1179.96 | 87725236 |
>
> This notice is being sent to you by a collection agency. This is an attempt to

collect a debt.   Any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.   If you notify this office in writing within 30 days after receiving this notice that you dispute validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or validation.   If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

*          *          *

This notice is being sent to you by a debt collection agency. This is an attempt to collect a debt.   Any information obtained will be used for that purpose.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:
(i) the use or threat of violence;
(ii) the use of obscene or profane language; and
(iii) repeated phone calls made with the intent to annoy, abuse. or harass.

*          *          *

'If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
1. Supplemental security income, (SSl);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.'

*Id.* ¶ 7, Ex. A.   Furia alleges in the complaint that the debt at issue arose out of a

transaction used primarily for personal, family or household purposes and that IRR

2

attempted to collect this past due debt from "*Torre in his individual capacity.*[1]" *Id.* ¶ 7. He further contends that his receipt and reading of the above collection letter deprived him of the rights not to be subject to abusive, deceptive or misleading debt collection practices. *Id.* ¶ 9.

    **B.    Procedural History**

On October 31, 2018, Furia commenced this action, alleging violations of Sections 1692e and 1692g of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692g ("FDCPA"). ECF No. 3.   The complaint asserts both individual and class-action claims.   IRR responded to the complaint on February 21, 2019, by filing an answer with this Court.   ECF No. 10. However, IRR now contends that Furia's claims fail as a matter of law.   Accordingly, IRR has filed the instant motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

## DISCUSSION

    **A.    Standard of Review**

A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *See Hogan v. Fischer*, 738 F.3d 509, 514-15 (2d Cir. 2013).   The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing a motion to dismiss.   District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by

---

[1] Furia references "Torre" in both the complaint and his memorandum in opposition but does not explain who Torre is.   The Court presumes it is a typographical error.

3

factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).).

"The purpose of Rule 12(b)(6) [or Rule 12(c)] is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits. The Rule thus assesses the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006). Thus, in adjudicating a motion under Rule 12(c), "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated by reference, and to matters of which judicial notice may be taken." *Serdarevic v. Centex Homes, LLC,* 760 F. Supp. 2d 322, 328 (S.D.N.Y. 2010) (quotation omitted); *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). In addition, "in some cases, a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of consideration on a motion to dismiss." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). "A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'" *Id.* (citation and internal quotation marks omitted). "Merely mentioning a document in the complaint will not satisfy this standard; indeed, even

4

offering 'limited quotation[s]' from the document is not enough." *Id.* (quoting *Global Network*, 458 F.3d at 156). "'In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason -- usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim -- was not attached to the complaint." *Id. (quoting Global Network*, 458 F.3d at 157)). In addition, "'[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Global Network*, 458 F.3d at 157 (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).

  **B. Analysis**

In his first cause of action, Furia complains that IRR's letter does not clearly, effectively or properly identify the entity to whom the alleged debt was owed. Specifically, Furia asserts that the words "Regarding: Peconic Bay Medical Center" were insufficient to identify the creditor given the fact that the letter directed Furia to mail payment directly to IRR. Furia also claims that if IRR intended Furia to understand that the creditor was Peconic Bay Medical Center, IRR should have used words like "our below-referenced client" rather than generally stating, "our client has made attempts to gain your cooperation." For this reason, Furia contends that IRR violated sections 1692e(2)(a), 1692e(10) and 1692g(a)(2) of the FDCPA. The undersigned disagrees.

The FDCPA was enacted to protect consumers from deceptive or harassing practices utilized by debt collectors. *See Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002). The

5

Act also seeks "to [e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Iadevaio v. LTD Fin. Servs., L.P.,* No. 17CV4112JFBSIL, 2019 WL 4094922, at *3 (E.D.N.Y. Aug. 29, 2019)(citing 15 U.S.C. § 1692(e)). "To determine whether a debt collector's communication violates the FDCPA, courts apply an objective test based on the understanding of the 'least sophisticated consumer." *Id.* (citing *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 62 (2d Cir. 1993)). For this reason, "courts must analyze 'collection letters from the perspective of a debtor who is uninformed, naïve, or trusting, but is making basic, reasonable and logical deductions and inferences.'" *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15 CV 4356 SJF ARL, 2016 WL 6069180, at *3 (E.D.N.Y. Oct. 17, 2016)(citing *Dewees, v Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007)). By using this standard, courts in this circuit are able "to protect the naive from abusive practices while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters." *Iadevaio* 2019 WL 4094922, at *3.

Pursuant to Section 1692e of the FDCPA, debt collectors are prohibited from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. That section includes "a non-exhaustive list of prohibited conduct, including, [for example,] (1) 'the false representation of the character, amount, or legal status of any debt,' and (2) '[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Iadevaio*, 2019 WL 4094922, at *4 (internal citations omitted). "Section 1692g(a) sets forth required disclosures for a debt collector's initial communication to a consumer," including that the initial communication must set forth "the name of the creditor to whom the debt is owed." *Id.* (citing 15 U.S.C. §

6

1692g(a)(2)); *McGinty*, 2016 WL 6069180, at *4 (a debt collection letter must contain the name of the creditor to whom the debt is owed and clearly and effectively convey the creditor's role in connection with the debt).

As stated above, in this case, Furia contends that the letter violated 1692e(2)(a), 1692e(10) and 1692g(a)(2) because it failed to adequately identify Peconic Bay Medical Center as the creditor. Although merely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy the statute, *see McGinty*, 2016 WL 6069180, at *4, the undersigned finds the collection letter sent by IRR to be sufficient. A collection letter is considered to be deceptive when it can reasonably be read to have two or more different meanings, one of which is inaccurate." *Iadevaio* 2019 WL 4094922, at *3. In this case, the collection letter opens with the following language:

> We have been authorized to contact you regarding the outstanding balance of $1179.96. Our client(s) has made several attempts to gain your cooperation prior to today. Our records indicated that many courtesies have been extended to you and yet these balances remain open.
>
> | Regarding: | Service Date: | Amount: | Reference #: |
> | --- | --- | --- | --- |
> | [Peconic Bay Medical] | 05/03/17 | 1179.96 | 87725236 |
>
> This notice is being sent to you by a collection agency.

The least sophisticated consumer reading this letter would have concluded that a balance of $1179.96 remained open for services provided by Peconic Bay Medical Center ("Peconic"). In other words, that Peconic was the creditor. Moreover, IRR clearly identified itself as a collection agency and gave Furia an opportunity to challenge the charge. *See Polizois v. Vengroff Williams, Inc.,* No. 16 CV 7011 JFB GRB, 2018 WL 1443875, at *1 (E.D.N.Y. Mar. 22, 2018) ((holding that the collection letter is not open to more than one reasonable

7

interpretation); *Williams v. Waypoint Res. Grp.*, LLC, No. 18 CV 4921 ARR RML, 2019 WL 1368998 (E.D.N.Y. Mar. 26, 2019)(granting defendant's motion to dismiss because the plaintiff's creditor was explicitly listed on the collection letter)). Although IRR used the word "Regarding" before Peconic's name, the undersigned does not agree that IRR failed to connect Peconic to the debt IRR was seeking to collect on its behalf. Accordingly, the collection letter complies with Sections 1692e and 1692g of the FDCPA.

Moreover, the plaintiff's second and third causes of action simply repeat that the collection letter amounted to a false, deceptive or misleading means to collect a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10) and 15 USC 1692g. Furia did not set forth any additional facts in support of those claims nor has he asserted any additional argument in his memorandum. Accordingly, the undersigned respectfully recommends that the motion be granted.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF. Any requests for an extension of time for filing objections must be directed to Judge Feuerstein prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997);

*Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York  
        January 27, 2020

**SO ORDERED:**

_____/s_____  
ARLENE R. LINDSAY  
United States Magistrate Judge

9